[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15587

_____

D. C. Docket No. 93-01404-CV-N

MATTHEW LATHAM, et al.,

Plaintiffs,

RICKY KNIGHT,
FRANKLIN IRVIN,
JAMES LIMBAUGH,
TIMOTHY GRAY WOLF SMITH,
sue individually and on behalf of a class of
persons similarly situated,
BILLY TWO FEATHERS JONES,
sue individually and on behalf of a class of
persons similarly situated,
AUTRY LITTLE RA DAUGHTRY,
sue individually and on behalf of a class of
persons similarly situated,
JIMMY LEE BOWEN,
DOUGLASS DARK HORNS BAILEY,
MICHAEL CLEM,
UNITED STATES OF AMERICA,

Plaintiffs-Appellants,

versus

LESLIE THOMPSON, in his individual capacity,
DONALD PARKER,
KENNETH PATRICK, Chaplain,
WILLIE JOHNSON,
DEWAYNE ESTES, et al.,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(October 19, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Plaintiffs, inmates who are adherents to the Native American religion, challenge on various constitutional grounds and under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., the Alabama Department of Corrections' policies restricting hair length and prohibiting sweat lodge ceremonies. Plaintiffs appeal the district court's September 29, 2003 order granting summary judgment to the defendants on their hair-length-restriction claims and the district court's September 14, 2006 order dismissing their sweat-lodge claims.

2

After review and oral argument, we affirm the district court's dismissal of plaintiffs' sweat-lodge claims as moot. In December 2004, the Alabama Department of Corrections changed its policy and now permits inmates who declare Native American spirituality as their religion to participate in sweat lodge ceremonies four times a year. It is undisputed that, since December 2004, sweat lodge ceremonies have been held repeatedly pursuant to the new policy. We thus conclude that the plaintiffs' claims for injunctive and declaratory relief are moot and that plaintiffs have failed to rebut the presumption that these public defendants' objectionable behavior will not recur. See Troiano v. Supervisor of Elections, 382 F.3d 1276, 1282-83 (11th Cir. 2004).

As to plaintiffs' claims for monetary relief, defendants are entitled to qualified immunity in their individual capacities because RLUIPA was not enacted until long after this lawsuit began and the law with regard to Native American inmates' rights to hold sweat lodge ceremonies under RLUIPA or the Constitution was not clearly established at the time the sweat-lodge ban was implemented. Furthermore, the defendants are entitled to sovereign immunity with regard to plaintiffs' official capacity claims.

With regard to plaintiffs' hair-length-restriction claims, we conclude that on the present record factual issues exist as to whether, inter alia, the defendants' total

3

ban on the wearing of long hair and denial of an exemption to the plaintiffs based on their Native American religion is "the least restrictive means of furthering [the defendants'] compelling governmental interest[s]" in security, discipline, hygiene and safety within the prisons and in the public's safety in the event of escapes and alteration of appearances. See 42 U.S.C. § 2000cc-1(a)(2). In addition, we note that the evidentiary record relating to the hair-length claims is over ten years old and that, in the intervening time, prison staffing and administration, prison safety and security, and the prison population in Alabama have changed. We, thus, vacate and remand to the district court for a full evidentiary hearing and bench trial, following which the district court shall make detailed findings of fact and conclusions of law.

In summary, we affirm the district court's September 14, 2006 order dismissing plaintiffs' sweat-lodge claims. We vacate the district court's September 29, 2003 order entering summary judgment on plaintiffs' hair-length-restriction claims and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED, VACATED AND REMANDED IN PART.**

4